UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SFG COMMERCIAL AIRCRAFT | ) | |
| LEASING INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 3:06-CV-060 CAN |
| | ) | |
| JOHN GOODMAN, | ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

On January 16, 2007,  Plaintiff SFG Commercial Aircraft Leasing Inc.'s (SFG) filed a

motion for summary judgment.  On April 18, 2007, Defendant John Goodman (Goodman) filed a

third motion for an extension of time to respond to SFG's motion for summary judgment.  This

Court denied that motion on April 25, 2007.  On April 26, 2007, Goodman filed a motion for this

Court to reconsider its order denying Goodman's third motion for an extension of time.  For the

following reasons, Goodman's motion to reconsider is **DENIED** [Doc No. 48] and SFG's

motion for summary judgment is **GRANTED** [Doc. No. 32].

**I.**    **PROCEDURE**

On January 19, 2006, SFG filed a complaint in this Court.  On May 23, 2006, Goodman

filed his answer and his counsel, Jennifer A. Thomas (Thomas) entered her appearance on

Goodman's behalf.  On that same day, Goodman moved to set aside the default judgment.  On

June 27, 2006, this Court granted Goodman's motion because SFG did not object.

On August 22, 2006, this Court held a Fed. R. Civ. P. 16(b) conference in which certain

deadlines were established.  Also, the parties, at this point, could fully begin the discovery

process.  SFG served Goodman with its first requests for admission, requests for production, and

first set of interrogatories on September 1, 2006.  On October 4, 2006, Goodman filed a notice

that SFG had agreed to extend the response deadline to the first discovery requests to November

3, 2006.  On November 3, 2006, Goodman filed a motion for an extension of time, which

essentially was Goodman's second extension to respond to SFG's requests.  This Court granted

that request.  On November 17, 2006, Thomas filed a third request for an extension of time.  This

Court, again, granted Goodman's request.  Goodman now had to respond by December 1, 2006.[1]

At this point, the parties dispute whether or not Thomas sent Goodman's responses to

SFG's discovery requests to SFG's counsel.  SFG claims they received nothing, and as a result,

moved for summary judgment on January 16, 2007, which was nearly six weeks later.

On February 13, 2006, Thomas and counsel for SFG communicated via email.  SFG's

counsel indicated that they had not received Goodman's discovery requests on December 1,

2006, while Thomas reassured SFG's counsel that she had sent them.  Thomas indicated that she

would forward the discovery responses to SFG's counsel.  Thomas also indicated that she

needed more time to complete discovery to appropriately respond to SFG's motion, and she

asked SFG if it objected to an extension of time for Goodman to respond to SFG's motion for

summary judgment.  SFG indicated that it did not object and on February 20, 2007, this Court

granted that request.  After this extension, though, the situation gets murky.

SFG's counsel contacted Thomas on February 20, 2007, and February 22, 2007. Both

times  SFG's counsel reiterated that they had not received Goodman's responses.  Thomas

repeatedly represented that the responses would be forthcoming.  Thomas claims that she mailed

---

[1]Doc. No. 31 states that an extension was given till November 17.  This order was incorrect.  Goodman
actually had until December 1, 2007, to respond to the discovery requests.  Neither party disputes that Goodman had
until December 1, 2007, to respond.

the discovery responses a second time on February 26, 2007.  SFG, though, still never received

the discovery responses.  Thomas also claims she mailed two Fed. R. Civ. P. 30(b)(6)

depositions along with letters on March 1, 2007, and March 28, 2007.  SFG's counsel claims

they never received either of these as well.

Amidst all of this confusion, Goodman sought a second extension of time to file a

response to SFG's motion for summary judgment on March 19, 2007.  This Court granted that

motion on March 22, 2007.

On April 17, 2007, this Court held a telephonic status conference with both parties.  The

deadline for Goodman to respond to SFG's motion for summary judgment was April 18, 2007.

Thomas represented that the response would be filed the next day at the April 17, 2007, hearing.

However, when April 18, 2007, arrived, Goodman did not file a response in opposition to

SFG's motion for summary judgment.  Instead, Goodman filed a third motion for an extension of

time to respond, and he now claimed that more time was needed simply to acquire an affidavit.

SFG immediately filed an objection to this motion on that same day.  On April 25, 2007, this

Court denied Goodman's motion because he had failed to establish good cause for a third

extension.

On April 26, 2007, Goodman filed a motion for this Court to reconsider its April 25,

2007, order.  Goodman put forward different reasons for why the initial extension of time was

needed that were not mentioned in the April 18, 2007, motion.  Goodman now claimed that more

discovery was needed in the case.  Specifically, that Goodman's counsel had served a Fed. R.

Civ. P. 30(b)(6) deposition and subpoena duces tecum on SFG's counsel on March 1, 2007, and

March 28, 2007, and never received a response from SFG's counsel.  Essentially, because

3

Goodman needed this discovery to respond to SFG's motion for summary judgment, Goodman argued a third extension was warranted.

On May 1, 2007, SFG filed a verified response in opposition to Goodman's motion to reconsider.  Within that response, SFG's counsel suggested  that Thomas, Goodman's counsel, may have created certain documents to give the appearance that she had diligently pursued discovery and had timely mailed certain documents.  This Court held an in-court hearing on May 23, 2007, to allow Thomas an opportunity to respond, under oath, regarding the opposing counsel's suggestions.

At the hearing, this Court expressed the hope that electronic data may exist to unequivocally establish the time line of Thomas's documents and mailings.  Therefore, this Court ordered an investigation to be conducted by Goodman's counsel to search the relevant electronic data on Ice Miller[2] computers or servers and file an affidavit that would show the chronology of several key documents.  The key documents were:

1.      The Defendant's December 1, 2006, and February 28, 2007, answers to
        Plaintiff's requests for admissions.
2.      The Defendant's cover letters that accompanied its answers to Plaintiff's
        requests for admission dated December 1, 2006, and February 28, 2007.
3.      The letter from Ms. Thomas to Plaintiff's counsel dated March 1, 2007.
4.      The letter from Ms. Thomas to Plaintiff's counsel date March 28, 2007.
5.      The Defendant's Fed. R. Civ. P. 30(b)(6) notices of deposition dated
        March 1, 2007, and March 28, 2007.

It was hoped the electronic data would do two things: 1) corroborate Thomas's denial of any impropriety by irrefutably establishing the creation and mailing dates of key documents, and 2)

---

[2]Ice Miller LLP is the firm at which Thomas is employed.  Goodman's co-counsel also works for Ice Miller LLP.  In the original order of May 24, 2007, this Court merely referred to Ice Miller's computers as "Defense counsel's" computers.

establish good cause for why Goodman's motion for an extension of time to respond should have been granted.

## II.    ANALYSIS

On June 22, 2007, counsel for Goodman submitted their report.  Counsel for Goodman reported that they had found some of the documents that this Court requested.  They were not able to locate electronic versions of the December 1, 2006, or March 28, 2006, letters from Ms. Thomas to counsel for SFG.

Furthermore, counsel for Goodman indicated that the documents had been located on a flashdrive rather than on Ice Miller's computer system.  Also, Thomas generated the documents on a laptop owned by her father rather than on an Ice Miller computer.  Goodman's counsel did not indicate that any of the documents were located on Ice Miller's server or on an Ice Miller computer.

The Ice Miller Application Support Analyst Toby Rogers (Rogers) provided an affidavit to this Court regarding his investigation.  All of the documents were located on Thomas's flash drive. Rogers extracted the metadata from each of the documents he found using a computer program that indicated when the document was created and when the document was last saved or printed.  Rogers indicated that none of the documents were created, saved, or printed after March 1, 2007.

There are essentially two issues this Court must address.  First, this Court must resolve whether Goodman has established good cause for this Court to reconsider its order denying his motion for an extension of time.  Second, this Court must address the allegations against Thomas and her character.

    A.    Goodman's Motion to Reconsider

Goodman essentially argues that more discovery is needed to be done in this case and

that he needed more time to perform that discovery before he could appropriately respond to the

motion for summary judgment.  Goodman claims that he has been trying to perform this

discovery since at least March 1, 2007.  Goodman points to the Fed. R. Civ. P. 30(b)(6) notices

of depositions and subpoenas as evidence that SFG is partially to blame for Goodman's need for

a third extension of time because SFG did not respond to these discovery requests.  SFG retorts

that it never received any such requests in the mail from Goodman.

This Court attempted to engage in fact finding to determine which party's position was

correct.  The hope that an electronic chronology would produce an irrefutable sequence of events

was not realized.  Unfortunately, the data Goodman's counsel provided to this Court is

inconclusive and incomplete.  And rather than settling the matter, it only invites more argument.

First, Goodman's counsel could not find at all two of the alleged documents in question,

the letters from Thomas to SFG's counsel dated December 1, 2006, and March 28, 2007.

Second, while it is true that the report corroborates Thomas's version that certain documents

were created and saved at appropriate times, new facts have now emerged.  Instead of data being

on Ice Miller's system or computers, it has now been revealed that Thomas used a laptop and a

flash drive that are not related to or part of the Ice Miller computer system.  This Court does not

know whether or to what extent dates may effectively be masked on these devices, and this Court

was unable to address this question, or order this question to be addressed, at the time it ordered

the first investigation.  As SFG's counsel points out, because Thomas used the laptop and flash

drive and failed to mention these facts to this Court, the report effectively raises more questions

6

then it solves.  Finally, the Rogers affidavit indicates that some of the documents are "substantially similar" to the final form.  The report does not address or explain why  "identical" electronic documents could not be found in some electronic form, and again, the lack of their existence raises more questions.

Unfortunately, the report Goodman's counsel submitted establishes little.  It does not establish that Thomas created and sent the questioned documents to SFG prior to April 18, 2007. At best, it provides evidence that some of the documents were created at appropriate times. However, while the report fails to conclusively corroborate Thomas's version of events, it also fails to establish that Thomas fabricated documents.  Regrettably, the report fails to be the irrefutable electronic record the Court had hoped for and settles nothing.  Therefore, this Court will look to the circumstances about which this Court knows to be fact and that relate directly to the motion to reconsider the order of April 25, 2007.

It is undisputed that in February 2007, Thomas knew more discovery was needed.[3]  Yet, from the middle of February till April 18, 2007, when Goodman's response to SFG's motion for summary judgment was due, Thomas had still not completed that discovery.  Even if this Court accepts as true that Thomas attempted to notice a deposition on March 1, 2007, and March 28, 2007, Thomas made no attempts to follow up with SFG's counsel to complete the discovery.  If the discovery responses Thomas seeks from SFG  were that important to Goodman's response to SFG's motion for summary judgment, one would assume that Thomas would have exerted more effort to obtain that discovery rather than relying on the mail system, a mail system supposedly

_____

[3]Thomas sent SFG counsel an email in which she indicated that she needed more time to complete discovery.  See Doc. No. 50-2 (email from Jennifer Thomas to Timothy Curran).

proven to be unreliable in the past. Thomas could have, at least, filed a motion to compel, but she did not.  She did nothing.  She did not communicate with opposing counsel to obtain the discovery she sought, nor did she seek assistance from this Court.  Without determining whether the dates of certain documents were altered or whether the postal service failed its responsibilities four times, it is clear to the Court that Thomas failed to exercise due diligence in completing the discovery she needed.

Furthermore, this case is fraught with instances of delay and lack of communication.  From October 2006 to December 2006, Thomas received three extensions of time to respond to SFG's discovery requests.  Also, at the very latest, Thomas could have engaged in discovery herself following this Court's Fed. R. Civ. P. 16(b) conference on August 22, 2006.  However, from that date till March 1, 2007, Thomas did not seek any discovery.  If the discovery that Goodman seeks is that crucial to oppose SFG's motion for summary judgment, it is unclear to this Court why Thomas waited six months to pursue that discovery.  While SFG may, in part, be to blame for the lack of communication, Thomas's lack of due diligence cannot be imputed to SFG.[4]

Therefore, under the present circumstances, this Court cannot accept Thomas's claim that more discovery was needed as good cause for an extension of time to file a response.  Goodman's motion to reconsider is **DENIED** [Doc. No. 48].  Also, Goodman's belatedly filed

---

[4] The communication between the parties consisted only of several emails.  These emails were sparse, sporadic, icy, and completely lacking in effort.  The Federal Rules envision genuine two-way communication, or a type of bartering, where the parties engage in a meaningful dialogue to resolve discovery issues.  See generally Fed. R. Civ. P. 37(a)(2)(A); Shuffle Master Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D.C. Nev. 1996);  8A Wright, Miller, and Marcus, Federal Practice and Procedure § 2285 (2d ed. 1994). Cf. Hoelzel v. First Select Corp., 214 F.R.D. 634 (D.C. Colo. 2003).  To the extent any issues regarding discovery existed, neither party attempted to engage in genuine communication, to resolve those issues.

brief in opposition to SFG's motion for summary judgment is hereby **STRICKEN** [Doc. No. 49].

> B.      The Suggested Impropriety of Ms. Thomas

Next, this Court turns to the suggestions that Thomas fabricated documents, which are serious allegations that this Court does not take lightly.  This Court had attempted to seek electronic data that would, essentially, exonerate Thomas of these allegations.  But as previously stated, the report that has been submitted to this Court is not conclusive.

This Court cannot answer whether Thomas fabricated documents, nor does it need to spend more time trying to answer this question.  Fortunately for Thomas, just as there is not enough hard evidence to exonerate her, there is also not enough evidence to prove the allegations against her.  If SFG's counsel still believes that Thomas has violated her ethical duties, they may raise these issues with other administrative bodies.  However, this Court has determined that there simply is not enough evidence to establish that SFG was to blame for Goodman's untimely response, and as a result, Goodman has not established good cause for an extension.  This issue is the only issue this Court needs to resolve and it will spend no more time on the allegations raised regarding Thomas's actions.

> C.      SFG's Motion for Summary Judgment

Finally, having denied Goodman's motion for reconsideration and stricken his belatedly filed brief, this Court now has before it a fully ripe motion for summary judgment.  Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001).  In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999).  To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);  Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Serv.s Co., 391 U.S. 253, 289 (1968)).

Because Goodman has effectively failed to respond to SFG's motion, there effectively is no opposition to SFG's claims.  SFG contends that Goodman personally guaranteed a loan upon which Goodman Aviation defaulted.  In support of its motion, SFG has submitted affidavits and the requests for admissions to which Goodman never responded.[5]  Goodman has failed to respond and failed to submit any evidence.  Because there is no contrary evidence before this Court to disprove SFG's allegations or counter SFG's evidence, there simply is no genuine issue as to any material fact.  SFG is entitled to judgment as a matter of law.  This Court has no choice

[5]This Court has no evidence or argument before it that Goodman did respond to SFG's requests for admission because Goodman never effectively responded to SFG's motion for summary judgment.  Thus, SFG's requests for admission were effectively deemed admitted. See Fed. R. Civ. P. 36(a) ("The matter is admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection.").

10

but to **GRANT** SFG's motion for summary judgment [Doc. No. 32].  SFG is awarded damages in the sum of $942,696.74.

### III.    CONCLUSION

For the reasons stated, Goodman's motion to reconsider is **DENIED** [Doc. No. 48] and its brief in opposition to SFG's motion for summary judgment is **STRICKEN** [Doc. No. 49]. Furthermore, SFG's motion for summary judgment is **GRANTED** [Doc. No. 32].  No other Court action is required at this time.  Each party shall bear its own costs with regards to the motion to reconsider.  SFG's attorneys' fees and legal expenses for its motion for summary judgment is included in its judgment of $942,696.74.  The clerk is instructed to term the case and enter judgment in favor of SFG.

**SO ORDERED.**

Dated this16TH Day of August, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge